UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OMIKOSHI JAPANESE RESTAURANT | CIVIL ACTION |
| VERSUS | NO. 08-3657 |
| SCOTTSDALE INSURANCE COMPANY | SECTION "B" (2) |

### ORDER ON MOTION

Local Rule 7.5E of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed AND a copy be delivered to chambers eight days prior to the date set for hearing of the motion. No memorandum in opposition to Defendant's Motion to Compel, Record Doc. No. 4, set for hearing on November 5, 2008 at 11:00 a.m. without oral argument, has been timely submitted. Accordingly, this motion is deemed to be unopposed. However, it appears to the court that the motion lacks merit, for the following reasons.

Defendant, Scottsdale Insurance Company, contends that a non-party, J&J Accounting Services, has information concerning the finances of plaintiff, Omikoshi Japanese Restaurant, that is relevant to Scottsdale's arson defense to plaintiff's claim for payment of insurance proceeds in the instant action. The subpoena was issued by defendant's counsel from this court to J&J Accounting Services, which is located in

Covington, Louisiana.  Scottsdale certifies that it served a copy of its motion to compel on J&J Accounting Services by certified mail.

Fed. R. Civ. P. 45 governs the issuance and service of a subpoena to a non-party.  Scottsdale's subpoena is defective for several reasons.  First, Rule 45 provides that a subpoena that only commands the production or inspection of tangible things must be issued "from the court for the district where the production or inspection is to be made."  Fed. R. Civ. P. 45(a)(2)(C).  Because the subpoena commands the production of documents at defense counsel's office in Baton Rouge, which is less than 100 miles from J&J Accounting Services' office in Covington, Fed. R. Civ. P. 45(b)(2), the subpoena should have been issued from the United States District Court for the Middle District of Louisiana, located in Baton Rouge.

Second, defendant failed to serve the subpoena properly.  Concerning service, Rule 45 provides that "[a]ny person who is at least 18 years old and not a party may serve a subpoena.  Serving a subpoena requires delivering a copy to the named person . . . ."  Fed. R. Civ. P. 45(b)(1).  "A majority of courts in various jurisdictions require personal service of a subpoena and will not allow the alternate forms of service."  Scottsdale Ins. Co. v. Education Mgmt., Inc., No. 04-1053, 2007 WL 2127798, at *3 (E.D. La. July 25, 2007) (Berrigan, C.J.) (citing Wright & Miller, § 2454 (2d ed. 1995) and cases cited therein); see also Accurso v. Cooper Power Sys., Inc., No. 06CV848S, 2008 WL

2

2510140, at *4-5 (W.D.N.Y. June 19, 2008) (After examining the leading treatises and acknowledging a split in the case law, the court concluded that "delivering" in Rule 45 means personal service because "the subpoena extends the Court's jurisdiction over an unwilling non-party and there must be assurance that this nonparty actual[ly] receives this Court process." The court did not preclude the possibility that it might grant a motion to serve by certified mail if the serving party could establish that attempts at personal service had failed.); Federal Trade Comm'n v. Compagnie de Saint-Gobian-Pont-a-Mousson, 636 F.2d 1300, 1312-13 (D.C. Cir. 1980) (distinguishing Rule 4 service by mail as effectuating notice from Rule 45 service as compulsion; "under the Federal Rules, compulsory process may be served upon an unwilling witness only in person"). In the instant case, Scottsdale has offered no explanation for its failure to serve J&J Accounting Services personally.

     Finally, Scottsdale failed to comply with the requirement that, "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party." Fed. R. Civ. P. 45(b)(1). The subpoena was not filed electronically in this court, by which plaintiff would have received notice, nor do either defendant's cover letter to J&J Accounting Services or the subpoena itself indicate that they were ever served on plaintiff's counsel. Defendant's Exh. A.

Accordingly, **IT IS ORDERED** that the motion is DENIED.

New Orleans, Louisiana, this \_\_\_5th\_\_\_ day of November, 2008.

                                      JOSEPH C. WILKINSON, JR.
                                  UNITED STATES MAGISTRATE JUDGE